# In the United States Court of Federal Claims

| | |
|---|---|
| INSIGHT PUBLIC SECTOR, INC., | |
| Plaintiff, | |
| v. | No. 21-cv-1755 |
| THE UNITED STATES, | Filed: April 25, 2022 |
| Defendant, | |
| and | |
| DELL MARKETING L.P., | |
| Intervenor-Defendant. | |

**ORDER**

This action is currently pending before the Court following remand to the U.S. Department of Navy (Navy) to conduct a Procurement Integrity Act (PIA) investigation consistent with this Court's December 9, 2021 Remand Order. *See* ECF No. 56 (Remand Order). On January 28, 2022, Defendant notified the Court that the Navy concluded its PIA investigation and found that the alleged PIA violation did not occur and did not impact the award to Dell Marketing L.P. (Dell Marketing). (ECF No. 64.) Subsequently, the parties filed supplemental motions for judgment on the administrative record (SMJARs) limited to the Navy's PIA investigation, ECF Nos. 77-79, and the Court held oral argument on the SMJARs on April 8, 2022. ECF No. 67 at 2. As explained below, and as acknowledged by Defendant in briefing and during oral argument, the Navy selectively complied with this Court's Remand Order. Accordingly, this Court **GRANTS IN PART** Plaintiff's Supplemental Motion for Judgment on the Administrative Record (ECF No. 77),

**DENIES IN PART** Defendant's Supplemental Cross-Motion for Judgment on the Administrative Record (ECF No. 78), **DENIES IN PART** Intervenor-Defendant's Supplemental Cross-Motion for Judgment on the Administrative Record (ECF No. 79), and **REMANDS** this action once again to the Navy to fully comply with this Court's previous Remand Order.

The general facts underlying this dispute are described in this Court's Remand Order, familiarity with which is presumed. As noted in the Remand Order, Plaintiff Insight Public Sector, Inc. (Insight) "broadly alleged that at some time before Dell Marketing's May 27, 2021 email to the Navy, Dell Marketing received 'inside information about Insight's proposal.'" Remand Order at 21 (quoting AR 4730). Accordingly, when this Court held that the Navy failed to investigate this alleged PIA violation, it ordered the Navy "to investigate Plaintiff's first allegation of a PIA violation; namely, that the information in Dell Marketing's May 27, 2021 email to the Navy concerning certain allegedly mispriced CLINs in Insight's bid potentially indicates a PIA violation occurred." Remand Order at 27. As Intervenor-Defendant Dell Marketing correctly observed, the Court ordered the PIA investigation to cover the period up to May 27, 2021, "to cover the breadth of Insight's contention." (ECF No. 79-1) at 39.

Defendant failed to fully comply with this Court's Remand Order. While Dell Marketing and its counsel ensured on the Navy's behalf that the investigation of Dell Marketing employees covered the full period ordered by the Court, *see* AR 6613-17, 7381-91, the Navy intentionally limited the scope of its own personnel's declarations to May 21, 2021, rather than to May 27, 2021, as the Court clearly ordered. *See* AR 7372-80 (declarations stating that "Prior to the initial award of the BPA to Insight on May 21, 2021, I did not discuss with or disclose Insight's pricing to anyone."). This was not an accidental oversight:

2

> The Navy determined that further investigation . . . was unnecessary to determine the impact of this alleged PIA violation for two independent reasons: 1) "any hypothetical disclosures of Insight's pricing to Dell before 27 May 2021 by someone with access to the SharePoint site would not have violated the PIA," because this was after the award to Insight and before the corrective action re-opening the competition; and 2) "[e]ven if [Department of Defense (DoD)] personnel could have violated the PIA between 21 May 2021 and 27 May 2021 with respect to Insight's pricing information," further investigation "would have been unnecessary because the Dell employees involved made it clear in their declarations that they did not have Insight's CLIN price information when they asked about the promotional CLINs on 27 May 2021." AR 7399 n.1.

(ECF No. 71) at 3-4. Counsel for Defendant confirmed during oral argument that the Navy did not investigate to the full extent ordered by this Court because it does not believe a PIA violation could occur after May 21, 2021:

> THE COURT: But why not do that for the Navy declarations as well? Why did [the Navy] just stop [its personnel's declarations] at [May] 21st?
>
> MR. RAYEL: Well, I think there are a couple of reasons, and, you know, one, whether the Court agrees or not, it is the Navy's position that no PIA violation was possible in that time period between May 21st and 27th.

Transcript of Oral Argument dated April 8, 2022 (ECF No. 95) (Tr. Oral Arg.) at 32-33.

Defendant's argument that the Court can overlook the blind spots created via the Navy's *sua sponte* limitation of the scope of its own personnel declarations, purportedly on the basis that "any hypothetical disclosures of Insight's pricing to Dell before 27 May 2021 . . . would not have violated the PIA," ignores the relationship litigants have with the Court. (ECF No. 71) at 3-4. When a Court issues an order, litigants must comply. *See White Mountain Apache Tribe of Ariz. v. United States*, 5 Cl. Ct. 288, 295 (1984) (explaining that the court's "paramount responsibility to all parties in all cases cannot be exercised if the court allows defiance of its orders"). Thus, the Navy "was not free simply to disregard [this Court's] decision and apply its own interpretation of the statutes and regulations on remand." *Bice v. United States*, 72 Fed. Cl. 432, 442 (2006). If the Navy believed that the PIA investigation should be limited as a matter of law to events on or before

3

May 21, 2021, the proper and well-trod course was to file a motion for reconsideration with the Court. Instead, Defendant opted to make legal determinations for itself, rendering incomplete what might otherwise have been an acceptable investigation and undermining an investigative conclusion that might otherwise have been rational. The Navy must now comply with the Remand Order this Court issued months ago, this time in its entirety.

To provide the Navy a final opportunity to comply with this Court's Remand Order, the Court will remand this case to the Navy to conduct a supplemental investigation within 7 days. Remand for further investigation is appropriate when "the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). An investigation like this one, which did not explore the full scope ordered by the Court, "has not considered all relevant factors." *Id.* Furthermore, the Navy's incomplete investigation hinders the Court's ability to review Plaintiff's PIA allegations. The evidence collected from Dell Marketing — including declarations covering the period through May 27, 2021, *see* AR 7372-80, interviews that probed through May 27, 2021, *see* AR 6613-17, and contemporaneous emails, *see* AR 7358-71 — viewed in isolation might have supported the Navy's determination that no PIA violation had occurred. However, the Navy's decision to investigate its personnel's actions only through May 21, 2021, introduces uncertainty for the period of May 21-27, 2021. Despite Defendant's insinuations to the contrary, there was a reason for this Court to have ordered the PIA investigation to *fully* cover the period through May 27, 2021. In order to evaluate the reasonableness of the Navy's investigative conclusions, the Court sought full — not self-selective — transparency by the Navy concerning events preceding Dell Marketing's May 27, 2021 email. Accordingly, to fully evaluate whether the conclusions that the Navy reached in its No Impact Decision (ECF No.

64-1) are reasonable, the Court must have a complete record before it. Further remand to the Navy to conduct a *complete* PIA investigation in compliance with this Court's Remand Order is necessary.

While the Court finds it appropriate to again remand to the Navy for further investigation, the Navy need not start from scratch. It must supplement its incomplete declarations with evidence spanning the ordered time period (*i.e.*, through May 27, 2021), and certify that its investigation — including any witness interviews of its own personnel or of others — covered such Court-ordered time period. *See* AR 7372-80. Intervenor-Defendant's counsel appropriately ensured that the PIA investigation regarding Dell Marketing's employees and their correspondence covered the period up until May 27, 2021, and now the Navy must also do so with its own personnel. Consistent with this Order, the Navy must also issue an amended PIA investigation report analyzing such supplemental evidence and reflecting a complete investigation of "Plaintiff's first allegation of a PIA violation; namely, that the information in Dell Marketing's May 27, 2021 email to the Navy concerning certain allegedly mispriced CLINs in Insight's bid potentially indicates a PIA violation occurred." Remand Order at 27.

For the reasons set forth above, this Court **GRANTS IN PART** Plaintiff's Supplemental Motion for Judgment on the Administrative Record (ECF No. 77), **DENIES IN PART** Defendant's Supplemental Cross-Motion for Judgment on the Administrative Record (ECF No. 78), and **DENIES IN PART** Intervenor-Defendant's Supplemental Cross-Motion for Judgment on the Administrative Record (ECF No. 79). The Court **REMANDS** this action to the Navy for action consistent with this Order. Within **7 days** of this Order, the Navy shall **COMPLETE** its PIA investigation in compliance with this Order. Defendant shall also **FILE** within **7 days** of this Order a Notice of Completion of such investigation, attaching under seal a new investigative report

reflecting conclusions reached and evidence considered in compliance with this Court's Order.

As the parties' MJARs and SMJARs are fully and thoroughly briefed, the Court does not currently anticipate a need for further briefing. Should the Court require additional briefing following remand, it will so notify the parties. Given upcoming procurement deadlines, this Court will issue an oral ruling on the protest grounds raised in the MJARs and SMJARs, summarizing the Court's decision and lifting or maintaining the current injunction in place.[1] The April 27, 2022 status conference, set during oral argument on the SMJARs, is vacated. *See* Tr. Oral Arg. at 84. The Court will schedule a telephonic conference at a mutually agreeable date and time during the first or second week of May 2022, during which it anticipates issuing its ruling. By April 28, 2022, the parties shall **FILE** a Joint Status Report listing mutually available dates and times for the telephonic conference.

IT IS SO ORDERED.

     s/Eleni M. Roumel
ELENI M. ROUMEL
Judge

---

[1] The parties consented to this arrangement at oral argument, including that the Court will subsequently provide a more fulsome written opinion and enter judgment accordingly at that time. *See* Tr. Oral Arg. at 82-83.